[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12766
Non-Argument Calendar
_____

Agency No. A206-465-376

JESUS DOMINGO RAMIREZ,
YASMIN AGUSTINA MENDOZA-DOMINGO,
BRENDA LUCIA MENDOZA-DOMINGO,
JOSE OSWALDO MENDOZA-DOMINGO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 5, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Jesus Domingo-Ramirez and her three children, all natives and citizens of Guatemala, seek review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

We review *de novo* our jurisdiction over a petition for review. *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013). Before we may review a claim raised in a petition for review, the petitioner must have first exhausted all administrative remedies for that claim. Immigration and Nationality Act ("INA") § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Xiu Ying Wu*, 712 F.3d at 492. Accordingly, we lack jurisdiction over issues that the petitioner has not raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). This holds true even when the BIA addresses an unraised issue *sua sponte*. *Id.* at 1250–51.

We review the BIA's decision as the final agency decision, "unless the BIA expressly adopted the IJ's decision" or to the extent the BIA agreed with the IJ's

reasoning. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Issues the BIA does not address are therefore not properly before us. *Id.*

In denying her application for asylum, the IJ found that the testimony of Domingo-Ramirez and her daughter lacked credibility due to inconsistencies. In the alternative, the IJ also found that even if everything Ramirez and her daughter claimed was true, they had only shown that they were victims of "general criminality," and had not established eligibility for asylum because they had not shown a nexus between the alleged harm and a protected ground. *See Ayala v. U.S. Atty. Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) ("To establish asylum based on past persecution, the applicant must prove . . . that the persecution was on account of a protected ground.")

On appeal to the BIA, Domingo-Ramirez disputed only the IJ's credibility finding; she did not attack the IJ's alternative reason for denying her application. In its decision, the BIA did not reach the credibility issue. Instead, the BIA affirmed based on the alternative ground: that Ramirez had not shown a nexus between the alleged harm and a protected ground.

We dismiss the petition for lack of jurisdiction. The only issue that Domingo-Ramirez raises here that she also raised before the BIA, and therefore exhausted, is whether the IJ properly weighed her daughter's testimony in making

3

an adverse credibility finding.  But the BIA declined to reach the credibility finding and instead affirmed the IJ's alternative nexus ground for denying Domingo-Ramirez's claims.  Therefore, the credibility issue is not properly before us.

Because Domingo-Ramirez did not present to the BIA the argument she currently raises challenging IJ's nexus ground for denial, this Court lacks jurisdiction to consider it, notwithstanding the fact that it was the basis for the BIA's decision.  *Amaya-Artunduaga*, 463 F.3d at 1251.

Accordingly, we dismiss Domingo-Ramirez's petition for review.

**PETITION DISMISSED.**

4